IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

SOUTHERN-OWNERS
INSURANCE COMPANY,

    Plaintiff,

v.

WATERHOUSE CORPORATION;
NURSERY SUPPLIES, INC; and
DARRELL PATTERSON,

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL

Plaintiffs, Southern-Owners Insurance Company ("Southern-Owners") by and through undersigned counsel, files this Complaint for Declaratory Relief against Defendants, Waterhouse Corporation, Nursery Supplies, Inc., and Darrel Patterson, and alleges as follows:

### JURISDICTION & VENUE

1. This is an action for Declaratory Relief to determine coverage under an insurance policy.

2. This Court has jurisdiction under 28 U.S.C §1332 because the citizenship of Plaintiff and each Defendant is diverse and the amount in controversy exceeds $75,000.00.

3. Furthermore, jurisdiction is invoked pursuant to 28 U.S.C. § 2201 which provides that "in a case of actual controversy within its jurisdiction ... any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested parties seeking such declaration, whether or not further relief is our could be sought."

4. The amount in controversy is well in excess of $75,000, to wit, the policy limits of the Southern-Owners CGL policy is $1 million per occurrence and the Southern-Owners Umbrella Policy is $2 million each incident, and the plaintiff in the underlying lawsuit, on which this lawsuit is based, has alleged to have contracted Legionnaire's disease resulting in various breathing issues, hospitalizations, and lost wages, and has alleged damages of over $1 million including over $420,000 in a worker's compensation lien.

5. Venue is proper in this division of the Middle District Court of Florida pursuant to 28 U.S.C. §1391 (b), (c), and (d) in that the acts, events and omissions upon which this Declaratory action is based, occurred in the Middle District of Florida; the Underlying Action is venued in Osceola County (Florida) Circuit Court, and the policies were issued in the Middle District of Florida.

## PARTIES & INTRODUCTION

6. Southern-Owners issued a Tailored Protection Policy with Commercial General Liability Coverage to Waterhouse Corporation, policy #112382-72029137-19. ("CGL Policy"). [Exhibit A, CGL Policy].

7. The CGL Policy was effective from June 27, 2019-June 27, 2020.

8. The CGL Policy contains an each occurrence limit of $1 million.

9. Southern-Owners issued an Umbrella Policy of Insurance to Waterhouse Corporation, policy #48-845-906-01. ("Umbrella Policy"). [Exhibit B, Umbrella Policy].

10. The Umbrella Policy was effective from June 27, 2019-June 27, 2020.

11. The Umbrella Policy has an each incident limit of $2 million.

12. At all times material hereto Southern-Owners was and is a Michigan Corporation, incorporated in the State of Michigan, and having its principal place of business in Lansing, Michigan, and is therefore a citizen of Michigan.

13. At all times material hereto, Waterhouse Corporation was and is a Florida Corporation, incorporated in the State of Florida, and having its principal place of business in Deltona, Florida, and is therefore a citizen of Florida.

14. At all times material hereto, Nursery Supplies, Inc., was and is a New Jersey Corporation, incorporated in the State of New Jersey, with its principal place of business in Pennsylvania, and is therefore a citizen of New Jersey and Pennsylvania.

15. At all times material hereto, Darrell Patterson, an individual, was and is a citizen of the State of Florida.

16. Waterhouse Corporation is an interested party as it is an insured under the Southern-Owners' policies and is seeking coverage for the claims alleged in the Underlying Lawsuit.

17. Nursery Supplies, Inc. is an interested party as it is a defendant in the Underlying lawsuit.

18. Darrell Patterson is an interested party as he is the plaintiff in the Underlying Lawsuit.

19. Darrell Paterson has filed a lawsuit against Waterhouse Corporation and Nursery Supplies, Inc., in Osceola County Case #2021-CA-000221. ("Underlying Lawsuit") [Exhibit C, Underlying Complaint].

20. The Underlying Lawsuit alleges:

   a. On or about July 1, 2019-July 3, 2019, Darrell Patterson was at a Nursery Supplies, Inc. factory working inside and on the roof of one of the cooling towers, performing replacement, maintenance, or repair work to the air conditioning and ventilation system.

   b. During Darrell Patterson's work on the cooling towers, he spent approximately six (6) hours inside one of the cooling towers.

   c. On or about July 15, 2019, Darrell Patterson presented and was admitted to the hospital and was diagnosed with Legionnaires' disease.

   d. Samples were taking from the cooling towers which indicated the presence of the legionella bacteria.

   e. The type of legionella bacteria, Legionella pneumophila Serogroup 1, found in the cooling towers, was the same as that found in Mr. Patterson's' urine.

   f. Legionella bacteria, which causes Legionnaires' disease, has an incubation period of 2 to 12 days within the human body.

21. The Underlying Lawsuit asserts one count of negligence against Waterhouse Corporation for failing to properly maintain the cooling towers.

22. Southern-Owners is currently providing a defense to Waterhouse Corporation in the Underlying Lawsuit, under a Reservation of Rights, and is uncertain as to whether the damages alleged are covered under the CGL Policy and/or Umbrella Policy.

23. Southern-Owners interests in this declaration of rights are actual, present, adverse and antagonistic to the Defendants, as Southern-Owners believes that there is no coverage under its policies for the claims alleged in the Underlying Lawsuit.

24. Southern-Owners seek this declaratory relief in order to determine and enforce contractual/legal rights under the above policies of insurance and the applicable law, and not merely to seek legal advice from this Honorable Court.

### COUNT I- DECLARATORY RELIEF REGARDING "FUNGI/BACTERIA" EXCLUSION

25. Southern-Owners adopts and incorporate by reference paragraphs 1-23 above, as if fully stated herein .

26. The CGL Policy contains the following exclusion:

> Fungi or Bacteria Exclusions (Form 55238)
>
> A. Under Section I- Coverage, Coverage A., Bodily Injury and Property Damage Liability, 2. Exclusions, the following exclusions are added:
>
> [This insurance does not apply to]
>
> 1. Bodily injury or property damage *arising out of, in whole or in part, the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of,* any fungi or

*bacteria*, whether airborne or not, on or within a building or structure, including its contents. This exclusion applies whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

This exclusion shall not apply to any fungi or bacteria that are on, or are contained in, a good or product intended for human consumption. (emphasis added).

27. The Umbrella Policy contains the following exclusion:

Exclusion fungi or bacteria (Form 26296)

It is agreed

A. the following definition is added to the DEFINITIONS section of the policy:
Fungi means any form or type of fungus, including, but not limited to, any mildew, mold, spores, mycotoxins, scents or byproducts released or produced by any type or form of fungus.

B. The following exclusions are added to the EXCLUSIONS section of the policy:

1. Bodily injury, property damage, personal injury, or advertising injury *arising out of, in whole or in part, the actual, threatened or alleged ingestion of, inhalation of, exposure to, contact with, presence of, or existence of, any* fungi or *bacteria*, whether airborne or not, within or on a structure or building, including its contents. This exclusion applies whether any other event, cause, product or material contributed in any sequence or concurrently to such damage or injury. This exclusion shall not apply to any fungi or bacteria that are contained in, or are on, a product or good intended for human consumption. (emphasis added).

28. The allegations in the Underlying Lawsuit are that Darrell Patterson contracted Legionnaire's disease while working on the cooling towers at the Nursery Supplies, Inc. factory.

29. The Underlying Lawsuit alleges that Legionnaire's disease is caused by legionella bacteria.

30. The CGL Policy specifically excludes coverage for any bodily injury *arising out of, in whole or in part, the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of,* any fungi or bacteria.

31. The Umbrella Policy specifically excludes coverage for any bodily injury *arising out of, in whole or in part, the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of,* any fungi or bacteria.

32. Therefore, the Southern-Owners' CGL policy does not provide coverage for any claims alleged against Waterhouse Corporation in the Underlying Lawsuit.

33. Therefore, the Southern-Owners' Umbrella policy does not provide coverage for any claims alleged against Waterhouse Corporation in the Underlying Lawsuit.

WHEREFORE, Southern-Owners respectfully requests that the Court grant the following relief:

    (a) Take Jurisdiction over this matter;

    (b) Enter an order declaring that there is no coverage under the Southern-Owners' CGL Policy and/or Umbrella Policy for Waterhouse Corporation for any of the damages alleged against Waterhouse in the Underlying Lawsuit.

    (c) Enter an order declaring that Southern-Owners has no duty to defend Waterhouse Corporation in the Underlying Lawsuit.

(d) Enter an order declaring that Southern-Owners has no duty to indemnify Waterhouse Corporation for any of the damages alleged in the Underlying Lawsuit.

(e) Award any other relief deemed just and proper.

### DEMAND FOR JURY TRIAL

Southern-Owners demands a trial by jury on all issues to triable.

Dated: 3/18/21

                    s/ Carri S. Leininger, Esq.
                    Carri S. Leininger, Esq.
                    Service to: eservice@wlclaw.com
                    Florida Bar No. 0861022
                    Jessica L. Gregory, Esq.
                    Florida Bar No. 92019
                    Attorney for Plaintiff
                    Williams, Leininger & Cosby, P.A.
                    11300 US Highway One, Suite 300
                    North Palm Beach, Florida 33408
                    Telephone No. (561)615-5666
                    Facsimile No. (561)615-9606